IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 801 Market Street, Suite 1300 Philadelphia, PA 19107 | Civil Action No. |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMAND |
| LANDIS COMMUNITIES and, LANDIS HOMES RETIREMENT COMMUNITY 1001 East Oregon Road Litiz, PA 17543-9206 | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Titles I and V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and disability, and to provide appropriate relief to Amy Potts who was adversely affected by such practices.

As is alleged with greater particularity in the Statement of Claims below, Defendants discriminated against Potts, in violation of Title VII and the ADA, by failing to accommodate her pregnancy-related restrictions and terminating her because of her pregnancy and in retaliation for engaging in protected activity.  The Commission alleges further that Defendants violated the ADA by denying her re-hire and by

conducting an unlawful medical inquiry.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Sections 107(a) and 503(c) of the ADA, 42 U.S.C. §§ 12117(a) and 12203(c), which incorporate by reference Sections 706 and 707 of Title VII, 42 U.S.C. §§ 2000e-5 and 2000e-6.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and Titles I and V of the ADA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Sections 107(a) and 503(c) of the ADA, 42 U.S.C. §§ 12117(a) and 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  Defendant, Landis Communities ("Landis"), is a Pennsylvania corporation that, at all relevant times, has continuously had at least 15 employees.

5. At all relevant times, Landis has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), and Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Landis has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b), and Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Defendant, Landis Homes Retirement Community ("LHRC"), is a Pennsylvania corporation that, at all relevant times, has continuously had at least 15 employees.

8. At all relevant times, LHRC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h), and Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, LHRC has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b), and Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. Since at least 2011, Landis and LHRC have operated as an integrated enterprise and have maintained interrelated operations, common management,

centralized control of labor relations, and common ownership and financial control.

11. Landis is an organization that manages three senior housing communities and provides eldercare services in Lancaster County. LHRC is one of those communities.

12. Landis and LHRC are located at the same address. Upon information and belief, Landis and LHRC share the same President/CEO, Vice-President of Finance/CFO, Vice-President of Human Resources, and Vice-President of Operations.

## ADMINISTRATIVE PROCEDURES

13. More than thirty days prior to the institution of this lawsuit, Amy Potts ("Potts") filed a charge of discrimination with the Commission alleging violations of Title VII and the ADA by her former employers, Landis and LHRC (collectively "Defendants").

14. On April 23, 2015, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15. On June 11, 2015, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. Potts began working for Defendants as a Registered Nurse ("RN")/Charge Nurse and RN/Supervisor on, or about, October 2002.

18. Since at least April 2010, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). These practices include subjecting Potts to disparate terms, conditions, and/or privileges of employment because of her pregnancy and terminating Potts because of her pregnancy as set forth below:

   a. On April 26, 2010, Potts, who was pregnant, requested that she be permitted to lift no more than 25 pounds following a surgical procedure relating to her incompetent cervix.

   b. Defendants placed Potts on an unpaid, indefinite leave of absence on the same day that she submitted her request.

   c. However, Defendants had a policy or practice of accommodating lifting restrictions of non-pregnant employees, similar in their ability or inability to work.

19. Since at least April 2010, Defendants have engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(5)(A), and 503(a) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and 12203(a). These practices include failing to provide Potts with a reasonable accommodation for her actual disability, for terminating her in retaliation for engaging in statutorily protected activities, which

included requesting a reasonable accommodation for her disability and opposing Defendants' failure to provide her with a reasonable accommodation, and for failing to re-hire Potts because of her record of disability, as set forth below:

    a.    Throughout her employment for Defendants as a RN/Charge Nurse and RN/Supervisor, Potts had an incompetent cervix which is a physical impairment which substantially limited her major life activities and bodily functions including, but not limited to, lifting and reproduction.

    b.    Potts is an individual with a disability within the meaning of the ADA who, at all times relevant, could perform the essential functions of her Charge Nurse and Supervisor positions with or without a reasonable accommodation.

    c.    On April 26, 2010, Potts, who was pregnant, requested a reasonable accommodation in order to comply with her doctor's restriction that she lift no more than 25 pounds following a surgical procedure relating to her incompetent cervix.

    d.    Defendants placed Potts on an unpaid, indefinite leave of absence on the same day that she submitted her reasonable accommodation request.

    e.    Beginning on April 26, 2010, Potts attempted to engage in the interactive process with Defendants regarding her ability to continue working with a reasonable accommodation. Defendants rebuffed her

        efforts and failed to offer any reasonable, effective alternatives that would allow Potts to continue working.

        f.     Rather, Defendants told Potts to re-apply for her old positions after she gave birth and was able to return to work without restrictions.

        g.     In March 2011, Potts applied for a staff nurse and a Nurse Supervisor position.

        h.     On, or around, April 12, 2011, Defendants advised Potts that it deemed her as having been terminated effective March 31, 2011. Further, Defendants advised that it would not consider Potts for the positions to which she applied because Defendants had no notice that Potts' lifting restriction had ended. Despite having received such notice from Potts, Defendants failed to re-hire her.

    20.     Since at least March 2011, Defendants have engaged in unlawful employment practices in violation of Section 102(d)(2) of the ADA, 42 U.S.C. § 12112(d)(2). These practices include forcing Potts to disclose disability related information prior to receiving a conditional or final offer of employment and making an impermissible pre-employment inquiry likely to elicit information relating to Potts' disability history, as set forth below:

        a.     In March 2011, Potts applied for a staff nurse and a Nurse Supervisor position.

        b.     On, or around, April 12, 2011, Defendants advised Potts that it had

deemed her terminated effective March 31, 2011. Further, Defendants advised that it would not consider Potts for the positions to which she applied because Defendants had no notice that Potts' lifting restriction had ended. Despite having received such notice from Potts, Defendants failed to re-hire her.

21. The effect of the practices complained of in paragraph 18 above have been to deprive Potts of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of her sex/pregnancy.

22. The effect of the practices complained of in paragraphs 19-20 above have been to deprive Potts, an individual with a disability, of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and for engaging in protected activity.

23. As a direct and proximate result of these violations of her rights under the ADA, Potts has suffered damage in the form of past pecuniary losses. In addition, she has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

24. The unlawful employment practices complained of herein were intentional.

25. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Potts' federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, including discrimination on the basis of pregnancy.

B.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

C.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA or Title VII.

D.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and which eradicate the effects of their past and present unlawful employment practices.

E.     Order Defendants to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets

forth the remedial action required by the Court and informs all employees that Defendants will not discriminate against any employee because of a pregnancy and/or disability, including that they will comply with all aspects of the ADA and Title VII and that they will not take any action against employees because they have exercised their rights under the statutes.

  F. Order Defendants to make whole Potts by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

  G. Order Defendants to make whole Potts by providing compensation for past pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 18-20 in amounts to be determined at trial.

  H. Order Defendants to make whole Potts by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 18-20 including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  I. Order Defendants to pay Potts punitive damages for their malicious and reckless conduct described in paragraphs 18-20, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper.

  K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA LUISA MOROCCO
Supervisory Trial Attorney

KEYANA C. LAWS
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Phone:     (215) 440-2642
Fax:        (215) 440-2848
Keyana.Laws@eeoc.gov